Good morning, Mayor Garcia for Mr. Enriquez. May it please the Court. Your Honor, here we are contending that the District Court misapplied the minor role guideline when sentencing Mr. Enriquez. This is a legal issue which should be reviewed de novo. According to U.S. v. Cardi, if the guidelines are applied incorrectly, that is procedural error, and the case should be remanded. Well, what do I do with the case which I cited to you, which we're all basically saying, Rojas Millan, which says the finding of a minor participant is a factual determination? Except in that case, the Court ruled that the District Court had applied the correct standard. Here, the District Court said that Mr. Enriquez What do I do with Rojas Millan where it says when we're talking about what law to apply, there's no question it is de novo review. No question the law here is straightforward, minor participant. Right in the guidelines cited by the District Court. Now, when it talks about the application of those guidelines, right in Rojas Millan, it says the application of the guidelines is an abuse of discretion. Right in our law. I can't go against that unless I go on bunk, can I? Except we first have to determine whether the Court applied the correct standard. But I guess, how is it clearly erroneous that Mr. Enriquez said he was paid, that he was the sole driver and occupant of a car, and he imported over 21 pounds of methamphetamine that was 99 percent pure? According to the amendment where they specify the different factors to take into account, they support Mr. Enriquez getting minor role. The problem here was that the District Court said he was the one who put the key in the ignition, turned the car on, knew there were drugs in the car, and brought it across the border, so he was not entitled to minor role. That is not consistent with the guidelines. But all of that is true until we get to the application of minor role law to those facts. He did put the key in the ignition. He did bring the drugs across. That is fact. The only thing that we now have to do is apply the rules as they relate to minor role reduction to those facts. And, as I said, how do I go against Rojas Millan? That is abuse of discretion. The judge did not go beyond saying this was a substantial amount of drugs. He was the sole driver. He was getting paid. And based on that, he automatically did not get minor role. What do I do with Rodriguez-Castro, which says the quantity of drugs carried by the carrier can form an independent basis for denying the reduction? That is inconsistent with the factors that the court should consider under the Guideline Amendment. So now you're suggesting to me that a case that is dead on point in the Ninth Circuit can be overruled by this court for what you suggest are the changes in the rules that the Commission made. Is that what you're suggesting? We have intervening information saying these are the factors. We don't have a Supreme Court decision. We don't have any Ninth Circuit decision. We got a decision dead on. The quantity of drugs can be an independent basis. And that is inconsistent with the guidelines. Which means I overturn it as a three-judge panel? Is that what you're saying? It means this case should still be remanded for the court to consider the factors that are listed in the amendment. Now the other thing that the District Court here took into account was that Mr. Enriquez did not have a plea agreement. That is not a factor that is supposed to be considered at all in determining whether Mr. Enriquez had a minor role. He said several times, now there are situations where I have granted minor role when there is a plea agreement. He said it throughout the proceedings, just as he said it at the initial sentencing. That is an incorrect analysis, and because of that, the case should be remanded. Now, the case should also be remanded because the judge was vindictive in doubling the supervised release from 5 to 10 years after the remand. What do you do with the Garcia G-Y-Z-A-R case where the court found no vindictiveness when the District Court's post-appeal change in sentence was due to fixing an error by the probation officer? Yes, and that was a mistake with respect to the base offense level based on the amount of the drugs. Here I'm talking about the supervised release where there had been no issue. The judge initially sentenced him to 5 years, and now he changed his mind and made it double. If you look at HORAB, it says vindictiveness is presumed where the trial judge increases the sentence after a successful attack on the first conviction, and the reasons for the enhancement do not appear in the record. There's no question the court received new information in this particular matter. It's right in the record. Is Your Honor talking about the DEA 7 laboratory? Yes. Your Honor, except that the reasons for the increase should be based on objective information concerning identifiable conduct on the part of the defendant. What does that mean? The quantity and purity of meth is not attributable to the defendant? Is that what you're saying? Yes, that it has nothing to do with his particular conduct. He was still guilty regardless of the purity of the drug. But you're saying it has no relevance on any level, the amount of drugs and the purity? It has no relevance to the supervised release. Supervised release is a separate calculation. It is not a substitute for incarceration as probation is. So after the custodial time, the supervised release was mandated by statute to be minimum five years. There is a separate guideline, 5D1.1. Didn't the judge say something? It could be for life? Wasn't there that? I mean, they can give you supervised release for life, right? Yes, yes. Okay, he didn't do that. No, no, but why was it necessary to double it from five to ten years? There was no new information with respect to Mr. Enriquez. The other thing is that the purity of the drug was known before. So what do you call the purity? That affects the base offense level, Your Honor. And the DA7 lab report was from December 2011. The prosecutor had it. The prosecutor admitted he had it. That was information from before the remand. That's your argument against the prosecutor, but it seems a little tough to make that argument about the district judge, who now has new information about the quantity and new information about the purity. And now you're suggesting, based on our precedent, Garcia Guizar and Horab, there's nothing new here. It seems a little tough. The reason is not an objective information of identifiable conduct by Mr. Enriquez. It's just not. You want to save any time for rebuttal? Okay, thank you. Is that okay? Thanks. Good morning. Daniel Zip again on behalf of the United States. Your Honor, our argument is the same in this case. The district court was not clearly erroneous in determining that this defendant was not entitled to a minor role, either under the ---- Well, counsel, then, may I ask you a question? Is there anything in the record that shows why the DEA7 report, which increased Enriquez's base offense level under the sentencing guidelines, wasn't introduced at the first hearing? The government had it. Is that correct? That appears to be the case from the record, Your Honor, and it's not clear why that wasn't given to the court. I think there was some discussion with the court after it was handed over, in which the prosecutor discussed the fact that his recommendation would have been the same with or without it, and essentially just didn't submit it because it wasn't going to affect anything. So what's the relationship between increased purity of the drugs and five years' additional supervised release? What's the thought process there? I think what the district court said was he could have increased the actual custodial sentence, and he explained that in some situations he would increase the supervised release instead of granting a higher custodial sentence. It wasn't entirely clear that there was a direct tie between the purity and the supervised release. At least it was more of a general idea that this guy could have been. The implication is certainly there. You know, now I have this report. I have to increase by five years supervised release. And the court would have been within its rights to increase the custodial sentence, as the court did in Garcia-Guizar. In that case, I believe they bumped the actual sentence up 33 months based on the purity. He could have done it in the first place if the government had introduced the report, but the government waited, and the question is vindictiveness. And the appearance here is he did it because of the report. Is that correct? The appearance is that he was increasing supervised release. Yes. The court stated as much. It was increasing supervised release because it didn't increase the sentence, even though the guidelines were now higher based on this purity amount. So it's so, and then I guess the issue is the judge being vindictive because you didn't do, and when I say you, I'm going generally the government, because the government didn't, even though it existed, didn't produce it in a timely fashion. Yes. Well, I think the answer to that is we can look at the record and look what the judge said and look what the prosecutor said. At the time the prosecutor turned over the new DEA 7 at the hearing, he made it clear on multiple occasions that the government's recommendation of 135 months was not going to change because of this, and that it was providing it to the court so that the court could correctly calculate the guidelines. The same way when the district court imposed sentence, it indicated that it was doing so not to punish the defendant for appealing, but because it was required to calculate the guidelines, and based on this new information, showing the purity level that the guidelines were higher. The court decided that rather than increasing his custodial sentence to reflect that, that he would increase the supervised release, but this case is directly on point with Garcia-Guizar, in which the court addressed that exact fact pattern and said because the court was increasing the sentence to correct the guidelines and not out of vindictiveness, and the record made that clear, that there was no due process violation. But the defendant's argument, I think, is, which is one I thought about, which I thought she made pretty spectacularly a minute ago, his role did not change one whit based on whether the mixture was clear, how pure it was, how pure it wasn't. He didn't have any idea whatsoever about that, and he did the same thing. And that's true in many of these cases, but the guidelines call for higher sentences based on what the defendant actually brought across. And in this case, whether or not he knew even the type of drug he was bringing, the fact remains that at the first hearing, the court assumed it was a meth mixture at a base defense level 36, and by the second appearance, it was clear that it should have been a base offense level 38. The district court could have increased the sentence. Instead, it chose to do an increased supervised release instead. That's the government. Why didn't the government's action violate due process by giving the lab report after it came back? Well, Your Honor, there's no evidence or even argument of actual vindictiveness in this case. The question is whether there's a presumption of vindictiveness based on the timeline of what occurred. And if you look at what the prosecutor actually did when he handed it over to the court, he told the court multiple times, our recommendation of 135 months is going to be the same. We're providing this to the court so that it can correctly calculate the guidelines. Because of that, because of the reasons the prosecutor gave it to the court, there's not a presumption of vindictiveness in this case. And even if there was, this is not a typical prosecutorial vindictiveness case where the issue is something that was charged or an enhancement was brought or a new indictment was brought. This ultimately is a question of sentencing. And regardless of what the prosecutor may have argued to the district court, the ultimate question for this court is whether the district court properly sentenced him, whether the district court was acting vindictively. There's no real remedy. There's nothing that the prosecutor did that could be taken back or changed as there would be in a typical prosecution. Well, once presented with that information, could the judge have ignored it? In Garcia-Guizar, the court made it clear that the guidelines require the district court to properly calculate the applicable range. So under the law, once he knew what the actual base offense level was, he was required to apply that to the facts, to the case. And the court did that here and increased the supervised release as a result. On the minor role issue, just briefly, this district court did not commit clear error in this case for a number of reasons. Even considering the five new factors outlined in the amendments, the court here considered the fact that there were 10 kilos of pure methamphetamine that was worth between $277,000 and $381,000 and was the equivalent of roughly 100,000 individual doses of methamphetamine. That amount alone was sufficient to deny minor role, but there were additional factors here as well, including the fact that the defendant was receiving a payment of $2,000, that he was the driver and sole occupant of the vehicle, and that he was taking the vehicle to his own workplace at a Walmart in the United States. All of these factors, under this court's case law, supports the court's decision that this defendant was not substantially less culpable than the average participant, and that finding was not clear error here. Okay. If there are no additional questions, you don't have to use all your time. Thank you. Thank you. Your Honors, this case is very different from Garcia-Guzar. The thing is, in Garcia-Guzar, in the probation report there, the amount of the mixture of the meth was included and the amount of the purity of the meth was included. The district court erred there by picking the lower base offense level, which was the mixture. So that information was available to all parties at the initial hearing. In our situation with Mr. Enriquez, the prosecutor added that information after the remand. There was an appearance of vindictiveness regardless of what the intention was. But the vindictiveness goes to the judge, not to the prosecutor. So what can a judge do when they have that information? I mean, does he just look the other way and say, I know I was wrong the way I calculated it before, but I'm just going to pretend like I never saw this? No, but those are two separate things. First, that the prosecutor was vindictive in introducing this evidence in March at the second hearing after the remand gives the appearance of vindictiveness, and that's one reason to remand. On the other hand, the judge was vindictive, I'm saying, because he doubled the supervised release. But whose vindictiveness are we analyzing? Can the prosecutor's vindictiveness be attributed to the judge? Aren't we analyzing the judge's vindictiveness here? That's my second issue. My third issue is that the prosecutor was vindictive. So, no, I go back to the base offense level that was changed because of the DEA 7 has no bearing on the amount of supervision in this case. That affects the base offense level, but that calculation is different from the determination on the supervised release, and that was the mistake here. If there is a remand, we request that it be remanded to a different judge because that would give the appearance of justice, and the facts here were not many, and so it would not be difficult for any other judge to make a determination on the minor role issue or the supervision. Thank you. Thank you. This matter will stand submitted.
judges: D.W. Nelson, Callahan, N.R. Smith